1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    KARINA ALEJANDRA GARCIA                No. 1:25-cv-01744-DJC-CSK
      MARIAGUA,
12

13              Petitioner,
                                             ORDER
14    v.

15    CHRISTOPHER CHESTNUT, et al.,

16              Respondents.

17

18          On December 11, 2025, the Court granted Petitioner's Motion for Temporary

19    Restraining Order and directed Respondents to release Petitioner from their custody.

20    (Order (ECF No. 11).)  The Court also ordered Respondents to file an Order to Show

21    Cause as to why the Court should not issue a preliminary injunction on the same terms

22    as the Order.  (*See id.*)  Respondents did not raise any new arguments in opposition to

23    the issuance of a preliminary injunction, stating only that they "oppose the granting of

24    a preliminary injunction on the same grounds as they opposed the granting of a

25    temporary restraining order."  (Opp'n (ECF No. 15) at 1.)

26          In light of Respondents' limited opposition and for the reasons discussed in the

27    Court's Temporary Restraining Order (*see* ECF No. 11), a preliminary injunction shall

28    issue on the same terms as the temporary restraining order.  Petitioner has requested

1

1   the Court clarify whether the Order prohibits the government from placing an ankle

2   monitor on Petitioner without a hearing.  (Reply (ECF No. 17) at 2 n.1.)  This Court's

3   prior Order stated, "Respondents shall not impose any additional restrictions on her,

4   unless they are determined to be necessary at a future pre-deprivation/custody

5   hearing." (Order at 9.)  Immediately prior to her detention on December 3, 2025,

6   Petitioner was not required to wear an ankle monitor as a term of her release.  (Pet.

7   (ECF No. 1) ¶ 2.)  Therefore, this requirement would constitute an "additional

8   restriction."  If the government seeks to impose this restriction on Petitioner, it may

9   only do so if deemed necessary at a future pre-deprivation hearing.

10          Accordingly, IT IS HEREBY ORDERED that:

11          1.  A Preliminary Injunction shall issue on the same terms set forth in the

12              Temporary Restraining Order (ECF No. 11).

13          2.  Having released Petitioner as required by the Temporary Restraining

14              Order, Respondents shall not impose any additional restrictions on her,

15              such as electronic monitoring or an ankle monitor, unless that is

16              determined to be necessary at a future pre-deprivation/custody hearing.

17          3.  Respondents are ENJOINED AND RESTRAINED from re-arresting or re-

18              detaining Petitioner absent compliance with constitutional protections,

19              which include, at a minimum, pre-deprivation notice – describing the

20              change of circumstances necessitating her arrest and detention – and a

21              timely hearing.  At any such hearing, the Government shall bear the

22              burden of establishing, by clear and convincing evidence, that Petitioner

23              poses a danger to the community or a risk of flight, and Petitioner shall

24              be allowed to have her counsel present.

25          4.  This Order shall remain in effect until the resolution of this action or until

26              otherwise ordered by the Court.

27   ////

28   ////

2

1        5.  This matter is referred to the assigned Magistrate Judge for all further

2            pretrial proceedings.

3

4        IT IS SO ORDERED.

5    Dated:   **January 13, 2026**

6                                                                Hon. Daniel J. Calabretta
                                                                 UNITED STATES DISTRICT JUDGE
7

8    DJC7 – GarciaMariagua25cv01744.pi

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28